# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division



**RASHAD GODFREY,**

       Petitioner,

v.                                          Civil Action No. **3:18CV586**

**HAROLD W. CLARK,**

       Respondent.

## MEMORANDUM OPINION

Rashad Godfrey, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his 2017 convictions in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court"). Godfrey argues that he is entitled to relief on the following grounds:[1]

> Claim One:    "The detective had no evidence and tried to manipulate my words. . . . When the detective searched my mother's house, they found nothing besides pills I already had. The only thing from the victim I had were the pills we went to buy." (§ 2254 Pet. 5.)
>
> Claim Two:    "The victim's story changed multiple times during statements," such as when "[t]he victim said we robbed him and pistol whipped him and his girlfriend had a knife to her neck. . . . If they were really attacked, [the victim] would have obviously had bruises on his head and [his girlfriend] would have had marks on her neck." (*Id.* at 7.)
>
> Claim Three:    "I acted [in] self-defense due to the victim trying to rob me." (*Id.* at 8.)

Respondent moves to dismiss on the ground that Godfrey's claims are procedurally defaulted and barred from review here. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Godfrey has not responded. For the reasons set forth below, the

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Godfrey's submissions.

Motion to Dismiss (ECF No. 13) will be GRANTED and Godfrey's § 2254 Petition (ECF No. 1) will be DENIED because Godfrey's claims are procedurally defaulted.

## I. PROCEDURAL HISTORY

On October 31, 2016, Godfrey pled guilty in the Circuit Court to one count of robbery and one count of use of a firearm in the commission of a felony. (*See* ECF No. 15–1, at 7.) On April 3, 2017, the Circuit Court sentenced Godfrey to an aggregate term of thirteen years of incarceration, with eight years suspended. (*Id.* at 11.)

Godfrey, proceeding with counsel, appealed, raising the following assignment of error: "The trial judge abused his discretion by sentencing the petitioner to ten years with all but two years suspended on the robbery and three years with no time suspended on the use of a firearm charge." Petition for Appeal 4, *Godfrey v. Commonwealth*, No. 0671–17–1 (Va. Ct. App. filed July 21, 2017) (capitalization omitted) (citation omitted). On October 11, 2017, the Court of Appeals of Virginia denied the petition for appeal, holding:

> "We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011). "[W]hen the trial court imposes a sentence that does not exceed the maximum sentence allowed by statute, the sentence will not be overturned on appeal as an abuse of discretion." *Rawls v. Commonwealth*, 272 Va. 334, 351, 634 S.E.2d 697, 706 (2006).
> The sentences imposed by the trial judge were within the ranges set by the legislature. *See* Code §§ 18.2–53.1 and 18.2–58. It is within the trial court's purview to weigh any mitigating evidence presented by appellant and to determine whether alternatives to incarceration are advisable. Accordingly, the judge did not abuse his discretion.

(ECF No. 15–2, at 1.)

On June 14, 2018, the Supreme Court of Virginia refused the petition for appeal. (ECF No. 15–3, at 1.) On August 17, 2018, the Court received the instant § 2254 Petition. (§ 2254 Pet. 1.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (some internal quotation marks omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92, 492 n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before the petitioner can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* Fair presentation demands that a petitioner present "both the operative facts and the controlling legal principles" to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004)

(internal quotation marks omitted) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

To exhaust his claims, Godfrey was required to present properly Claims One, Two, and Three to the Supreme Court of Virginia on direct appeal or in a state petition for a writ of habeas corpus. Godfrey failed to do so. If Godfrey now attempted to raise these claims in the Supreme

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

4

Court of Virginia in a habeas petition, that habeas petition would be barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Godfrey could have raised, but failed to raise, his instant claims on direct appeal. *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Godfrey procedurally defaulted Claims One, Two, and Three unless he demonstrates cause and prejudice to excuse his default or a fundamental miscarriage of justice.

In Godfrey's § 2254 Petition, without providing any additional information, Godfrey states that he did not exhaust his state court remedies because "[he] filed a habeas corpus, but it was filed late and [he] was sent this." (§ 2254 Pet. 5, 7, 9.) The Court believes that Godfrey is referring to his previously filed federal habeas petition, which was dismissed without prejudice for failure to timely complete and return the standardized form for filing a § 2254 petition. *See Godfrey v. Norfolk Circuit Court*, No. 3:18CV416 (E.D. Va. July 26, 2018), ECF Nos. 5 and 6. Godfrey's prior § 2254 petition would clearly not exhaust his state court remedies.

Godfrey does not present any other arguments to excuse his default. Nevertheless, in different portions of his § 2254 Petition, Godfrey presents conflicting information about whether he filed a state petition for a writ of habeas corpus before filing the instant § 2254 Petition. The Court generously construes Godfrey's various statements about attempting to file a state habeas petition to be arguments to excuse his default, and the Court addresses each of Godfrey's statements in turn.

In one section of his § 2254 Petition, Godfrey indicates that he filed a "habeas corpus" in the Circuit Court and that the Circuit Court issued its decision on October 11, 2017. (§ 2254 Pet. 6.) However, as discussed above, on October 11, 2017, the Court of Appeals of Virginia

denied Godfrey's petition for appeal on direct appeal, (ECF No. 15–2, at 1), and there is no record that Godfrey filed a state habeas petition in the Circuit Court. *See infra* note 3.

Godfrey also attaches a document to his § 2254 Petition that appears to include pages of the form for filing a petition for a writ of habeas corpus in state court, and one of the pages has a Norfolk Circuit Court "filed" stamp with the date of August 18, 2017. (§ 2254 Pet. 16, 19–21.) Godfrey provides no information about this document, and there is no record of this filing in the state court records. Further, in another section of his § 2254 Petition, Godfrey represents that "[o]ther than the direct appeals listed above," he did not previously file "any other petitions, applications, or motions concerning this judgment of conviction in any state court." (*Id.* at 3.)

Despite Godfrey's conflicting statements about attempting to file a state habeas petition, upon review of the Circuit Court's docket and the Supreme Court of Virginia's docket, there is no record of Godfrey filing a state petition for a writ of habeas corpus.[3] Further, Godfrey fails to explain, and the Court fails to discern, how Godfrey's conflicting statements regarding the filing of prior habeas petitions advances a basis for excusing his default. Moreover, Godfrey fails to suggest that he has presented any of his habeas claims to the Supreme Court of Virginia, as is required to exhaust his claims.

---

[3] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information;" select "Norfolk Circuit Court" from drop-down menu and select "Begin" button; select "Civil" division; type "Godfrey, Rashad," and select "Search by Name" button); *see also id.* (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; select "ACMS-SCV" button; select "Appellant/Petitioner" inquiry; select "Both" active and inactive case status; type "Godfrey, Rashad"; select "Search" button). "The Circuit Court's docket [and the Supreme Court of Virginia's docket] [are] accessible through the Virginia Judicial System Website. Federal courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website." *McClain v. Clarke*, No. 3:13CV324, 2013 WL 6713177, at *1 n.6 (E.D. Va. Dec. 18, 2013) (citations omitted).

Therefore, Godfrey fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice, and Claims One, Two, and Three are defaulted and barred from review here. Accordingly, Claims One, Two, and Three will be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED, Godfrey's claims will be DISMISSED, the § 2254 Petition (ECF No. 1) will be DENIED, and the action will be DISMISSED. A certificate of appealability will be DENIED.[4]

An appropriate Final Order shall issue.

/s/

Roderick C. Young
United States Magistrate Judge

Date: July 16, 2019
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Godfrey fails to meet this standard.